(No. 29237.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *v.* KENNETH BARNES, Plaintiff in Error.

*Opinion filed January 23, 1946.*

HARRINGTON & McDONNELL, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Kenneth Barnes, Henry Stallman, and Douglas Greenman were indicted in the criminal court of Cook county for larceny and receiving stolen property. The first count of the indictment charged the unlawful taking of four certain motor-vehicle tires, the property of Mutual Trucking Company, a corporation. Count two charged the same parties with receiving the same property knowing it to have been stolen. Count three charged the same parties with the larceny, from the same corporation, of four tires, each of the value of $70, four tubes, each of the value of $10, and four rims, each of the value of $13, lawful money of the United States of America. Count four charged the

same parties with receiving said property knowing it to have been stolen.

Plaintiff in error, Kenneth Barnes, was tried jointly before the court with Douglas Greenman, the said Henry Stallman not being available for trial, and, at the close of the People's evidence, he filed his motion requesting the People to elect on which count they relied for a conviction. The People elected to stand on the second and fourth counts of the indictment, both of which charged plaintiff in error with receiving stolen property. After the trial, plaintiff in error was found guilty, as charged in counts two and four, and the court further found the value of the property to be $200. Motions for a new trial and in arrest of judgment were overruled and the defendant was sentenced to the penitentiary. He brings this cause here on writ of error.

The errors relied upon for reversal, which are properly preserved by objections and motions, are: (1) The court erred in admitting improper and incompetent evidence offered by the People as to the corporate existence of the Mutual Trucking Company; (2) that the People failed to prove the corporate existence of the Mutual Trucking Company; and, (3) that the defendant was not proved guilty beyond a reasonable doubt.

When this cause was called on oral argument in this court, counsel for the People confessed error as to the proof of corporate existence. As this requires remandment for a new trial, it is unnecessary to, and we do not, pass upon the other questions presented by the record in the case.

The judgment of the trial court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*